UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ravgen, Inc., <br><br>         Plaintiff, <br><br>    v. <br><br> Quest Diagnostics Incorporated, <br><br>         Defendant. | Case No. 21-cv-09011-RGK-GJS <br><br> STIPULATED PROTECTIVE ORDER[1] |
| Quest Diagnostics Incorporated, <br><br>         Counterclaimant, <br><br>    v. <br><br> Ravgen, Inc., <br><br>         Counterclaim-Defendant. | |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

1.     A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information

will not be designated as "CONFIDENTIAL" or "CONFIDENTIAL –
ATTORNEYS' EYES ONLY" (defined below) for tactical reasons and that nothing
be so designated without a good faith belief that it has been maintained in a
confidential, non-public manner, and there is good cause why it should not be part
of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 14.3, below, that this
Stipulated Protective Order does not entitle them to file confidential information
under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed
and the standards that will be applied when a party seeks permission from the court
to file material under seal.

There is a strong presumption that the public has a right of access to judicial
proceedings and records in civil cases.  In connection with non-dispositive motions,
good cause must be shown to support a filing under seal.  *See Kamakana v. City and
County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors
Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,
Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
require good cause showing), and a specific showing of good cause or compelling
reasons with proper evidentiary support and legal justification, must be made with
respect to Protected Material that a party seeks to file under seal.  The parties' mere
designation of Disclosure or Discovery Material as CONFIDENTIAL or
CONFIDENTIAL – ATTORNEYS' EYES ONLY does not—without the
submission of competent evidence by declaration, establishing that the material
sought to be filed under seal qualifies as confidential, privileged, or otherwise
protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then
compelling reasons, not only good cause, for the sealing must be shown, and the
relief sought shall be narrowly tailored to serve the specific interest to be protected.

*See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: this pending federal lawsuit, *Ravgen, Inc. v. Quest Diagnostics Incorporated*, United States District Court for the Central District of California, Case No. 21-cv-01646-RGK-GJS, and *Ravgen, Inc. v. Quest Diagnostics Incorporated*, United States District Court for the Western District of Texas, Case No. 6:20-cv-00972-ADA.

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: "CONFIDENTIAL" Information or Items that the Designating Party reasonably and in good faith believes are so highly sensitive that their disclosure to anyone other than those described in Section 7.3 would be injurious to the

4

commercial interests of the Designating Party.  The Parties agree that documents designated "RESTRICTED – ATTORNEYS' EYES ONLY" shall have the same protections described herein as documents designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>"THRID PARTY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  "CONFIDENTIAL" Information or Items that a third party reasonably and in good faith believes are so highly sensitive that their disclosure to anyone other than those described in Section 7.4 would be injurious to the commercial interests of the third party.

2.6 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.7 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY.

2.8 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.10 <u>House Counsel</u>:  attorneys admitted to a state bar who are employees of a Party to this Action whose primary responsibility is to oversee litigation involving the Party, who are not competitive decisionmakers (i.e., who do not render advice on or participate in the Party's decisions (pricing, sales, marketing, product design, etc.) made in light of similar or corresponding information about a competitor), and who do not provide day-to-day advice to the Party regarding patent prosecution issues.  For the avoidance of doubt, an individual is not a competitive decisionmaker

solely by virtue of participating in the negotiation of settlement agreements.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.13   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY.

2.17   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.  Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the action.  The Parties hereby stipulate that they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION until a Designating Party agrees otherwise in writing or a court order otherwise directs, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items

or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be

deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate "CONFIDENTIAL legend."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

9

resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  up to five officers, directors, and employees of the Receiving Party,

and up to two House Counsel of the Receiving Party, to whom disclosure is reasonably necessary for this Action and (1) who have signed and returned to the Producing Party the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) whose identity and job title have been disclosed to the Producing Party at least 10 days prior to the date the disclosure is made;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Certification Of Expert" (Exhibit B).  Disclosure may be made to such Expert of the Receiving Party only pursuant to and after completion of the procedures set out in Section 8 below;

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information in the absence of improper or unauthorized disclosure, provided, however, that no one may show CONFIDENTIAL material to an ex-employee of a Producing Party without first notifying the Producing Party and providing the Producing Party with an opportunity to object prior to such disclosure, and further provided, however, that no advanced notice and no opportunity to object is required prior to disclosing CONFIDENTIAL material to such an author or recipient at a duly noticed deposition; and

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

<u>Information and Items:</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  House Counsel of the Receiving Party qualified to access CONFIDENTIAL information pursuant to section 7.2(b);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Certification Of Expert" (Exhibit B).  Disclosure may be made to such Expert of the Receiving Party only pursuant to and after completion of the procedures set out in Section 8 below;

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information  in the absence of improper or unauthorized disclosure provided, however, that no one may show CONFIDENTIAL – ATTORNEYS' EYES ONLY material to an ex-employee of a Producing Party without first notifying the Producing Party and providing the Producing Party with an opportunity to object prior to such disclosure, and further provided, however, that no advanced notice and no opportunity to object is required prior to disclosing CONFIDENTIAL – ATTORNEYS' EYES ONLY material to such an author or recipient at a duly noticed deposition; and

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4     Disclosure of "THIRD PARTY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information and Items:  The Parties anticipate receiving and/or producing sensitive information of third parties in this Action.  To the extent a third party does not agree to producing sensitive information under sections 7.2 or 7.3, the Parties agree to, at a third party's request, temporarily limit the disclosure of THIRD PARTY CONFIDENTIAL – ATTORNEYS' EYES ONLY information only to the recipients below to avoid delays in a Party receiving and/or exchanging such information.  This temporary limitation on disclosure will remain in effect while any Party seeking to broaden the disclosure of THIRD PARTY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to persons other than the recipients identified below (e.g. to persons identified in section 7.3) challenges the THIRD PARTY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation and/or engages with the third party to broaden the disclosure.  The mechanism for challenging THIRD PARTY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is the same as that for challenging other designations herein.

Accordingly, unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the "Certification Of Expert" (Exhibit B).  Disclosure may be made to such Expert of the Receiving Party only pursuant to and after completion of the procedures set out in Section 8

below;

(c)  the court and its personnel;

(d)  court reporters and their staff;

(e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information in the absence of improper or unauthorized disclosure provided, further provided, however, that no advanced notice and no opportunity to object is required prior to disclosing CONFIDENTIAL – ATTORNEYS' EYES ONLY material to such an author or recipient at a duly noticed deposition; and

(g)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    <u>PROCEDURE FOR ACCESS BY EXPERTS</u>

8.1    If a Receiving Party wishes to disclose another Party's Protected Material to any Expert, such Receiving Party must provide advance written notice by email to counsel for the Designating Party, which notice must include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous, current or anticipated relationship (personal or professional) with any of the Parties (and/or their predecessors or successors in interest), an affiliate of a Party (and/or their predecessors or successors in interest), or a Party's competitor (and/or their predecessors or successors in interest); (f) a list of other cases and proceedings in which the individual has testified (at trial or deposition) within the last four years; (g) an identification of all companies with which the individual has consulted or by which the individual has been employed within the last four years;  and (h) a signed

copy of (1) the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and (2) the "Certification Of Expert" attached hereto as Exhibit B.  Employees of an Expert or their firm assisting the Expert are not required to be disclosed in accordance with the procedures of this Section and may access Protected Material upon access being provided to the Expert, provided that the Expert makes such employees aware of the restrictions on the disclosure and use of Protected Material under this Protective Order and, before accessing Protected Material, such employees sign the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Expert" attached hereto as Exhibit B.

8.2    The Designating Party will have seven (7) business days from receipt of the notice specified in section 8.1 to object in writing to such disclosure.  Any such objection must set forth in detail the grounds on which it is based.  After the expiration of the 7-day period, if no objection has been asserted, then Protected Material may be disclosed to the Expert pursuant to the terms of this Order.  However, if the Designating Party objects within the 7-day period, the Receiving Party may not disclose Protected Material to the challenged individual absent written resolution of the dispute or Court Order.  In the event the Designating Party makes a timely objection, the Parties must meet and confer within three business days by telephone or in person to try to resolve the matter by agreement.  If the Parties cannot reach an agreement, the objecting Party may within five (5) business days following the meet and confer move for a protective order preventing disclosure of Protected Material to the Expert or for other appropriate relief.  If the objecting Party fails to move for a protective order within the prescribed period, any objection to the Expert is waived, and Protected Material may thereafter be disclosed to such individual.  If the objecting Party timely moves for a protective order, Protected Material must not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the

1    consent of the objecting Party, whichever occurs first.

2    9.      USE OF PROTECTED MATERIAL AT DEPOSITIONS

3          Except as may be otherwise ordered by the Court, any person may be

4    examined as a witness at depositions and trial and may testify concerning all

5    Protected Material of which that person has prior knowledge.  In addition:

6          (a)      a present director, officer, employee, designated Rule 30(b)(6) witness,

7    and/or Expert of a Producing Party may be examined and may testify concerning all

8    Protected Material that has been produced by that Party.

9          (b)      a former director, officer, agent, and/or employee of a Producing Party

10   may be examined and may testify concerning all Protected Material of which he or

11   she has prior knowledge, including any Protected Material that refers to matters of

12   which the witness has personal knowledge that has been produced by that Party and

13   that pertains to the period or periods of his or her prior employment with the Party;

14         (c)      non-parties may be examined or testify concerning any document

15   containing Protected Material of a Producing Party that appears on its face or from

16   other documents or testimony to have been received from or communicated to the

17   non-party as a result of any contact or relationship with the Producing Party, or a

18   representative of such Producing Party.  Any person other than the witness, his or

19   her attorney(s), and any person qualified to receive Protected Material under this

20   Order must be excluded from the portion of the examination concerning such

21   information, unless the Producing Party consents to persons other than qualified

22   recipients being present at the examination.  If the witness is represented by an

23   attorney who is not qualified under this Order to receive such information, then prior

24   to the examination, the attorney must be requested to execute the "Acknowledgment

25   and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A,

26   which requires the attorney to maintain the confidentiality of Protected Material

27   disclosed during the course of the examination.  In the event that such attorney

28   declines to sign such an agreement, such attorney cannot be shown Protected

16

Material and cannot be present during questioning relating to the Protected Material; and

(d)     a witness who previously had access to a document designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be examined or testify concerning the document if the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any questions, testimony, or documents that are designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."   The witness may not copy, take notes on, or retain copies of any Protected Material used or reviewed at the deposition.  The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The Producing Party of any Protected Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that any review of the transcript and exhibits by the witness is performed under the supervision of one of the attorneys who is bound by the terms of this Order and any copies sent to the witness or notes taken by the witness are deleted or destroyed once review is complete.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party

18

that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    EXPORT CONTROL

A Receiving Party may not transmit or transport or communicate Protected Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person, location, or vendor outside of the United States, without the written agreement of the Producing Party or an order of the Court.  This provision is not intended to prevent the Receiving Party's Outside Counsel of Record from transporting Protected Material abroad while working abroad, including for use in depositions (or the foreign equivalent) or related proceedings provided, however, that: (i) use abroad and in any foreign deposition(s) is otherwise consistent with the provisions of this Protective Order; (ii) Outside Counsel of Record undertakes reasonable precautions at all times to ensure the security of Protected Material when being transported and used abroad; and (iii) any material transported outside of the United States for depositions must be securely transported back to the United States after the deposition is complete or provided to counsel for the Producing Party at the conclusion of the deposition.

15.    MISCELLANEOUS

15.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

16.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Outside Counsel of Record may also retain an archival copy of attorney work product found in e-mail.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order

as set forth in Section 4 (DURATION).

17.    <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: <u>February 24, 2022</u>

<u>/s/  Benjamin N. Luehrs</u>
Attorneys for Plaintiff


DATED: <u>February 24, 2022</u>

<u>/s/ Amanda L. Major</u>
Attorneys for Defendant



FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:  March 1, 2022


HON. GAIL J. STANDISH
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *Ravgen, Inc. v. Quest Diagnostics Incorporated*,

Case No. 2:21-cv-09011-RGK-GJS (C.D. Cal.).  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT B

CERTIFICATION OF EXPERT

I, _____, state:

1.    I have read the Protective Order ("Order") in the matter of *Ravgen, Inc. v. Quest Diagnostics Incorporated*, Case No. 2:21-cv-09011-RGK-GJS (C.D. Cal.), and understand and will abide by its terms.

2.    I am not a current or anticipated officer, director, or employee of a Party or of a Party's competitor.

3.    If at any time after I execute this Certificate of Expert and during the pendency of the litigation I become an employee or competitor of a Party, I will promptly inform the counsel for the Party who retained me in this litigation.  I will not thereafter review any Protected Materials marked as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless and until the Parties agree or the Court orders otherwise.

4.    I will not use any Protected Material for any purpose other than this litigation.

5.    I agree to be subject to the authority of the District Court of the Central District of California in the event of any dispute related to this certification.

6.    I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20__.

_____

Signature